By the Court.
The first contention of the respondents in support of their position is that the Teachers’ Tenure Act, Sections 7690-1 to 7690-8, General Code, applies only to teachers in the public schools; that the ■employment of the relator as assistant county superintendent of schools was not that of a teacher; and "that therefore his position was subject to abolition and his employment to termination. In the opinion of the ■court, this interpretation of the term “teacher” as used in the statute is too narrow, and we conclude that the relator in the performance of his duties under his contract held a teacher’s status. Section 7690-3, General Code.
The prayer of the petition is that the court issue a writ of mandamus compelling the respondents to execute a continuing contract to the relator and that the *384 court incorporate therein a recital that the action of' the respondents in attempting to abolish the position, of assistant county superintendent of schools is a. nullity and of no force and effect. This squarely raises-the question as to whether the respondents, having once-created the position of assistant county superintendent of schools, may, on justifiable grounds, abolish the-position, or must continue the position indefinitely and. give to the relator a continuing contract until he-voluntarily retires or until his contract is terminated, as provided by Section 7690-6, General Code.
The sole claim of relator is that the respondents-' lack the power to abolish the position and to terminate-the contract of relator under the law. The respondents, contend that their action in this regard was motivated by a reduced school enrollment with consequent reduction of school revenues and by the necessary requirements of economy. The facts support respondents’' contention. To hold that a county board of education,, having once established a position in the county public-schools, has no power under the law to abolish it, even though there be a sufficient cause, would, in the opinion of the court, seriously challenge the constitutionality of the law itself.
The relator is seeking a writ to require the board of education to enter into a continuing contract with him for a special position in the school system. This requires him to show that he has a clear legal right to-such restitution. In the opinion of the court,- he has-not done so. The court in this case is not passing upon relator’s right, if any, to have a contract for a position as teacher in the schools under Sections 7690-3 and 7690-7, General Code. The w7rit will be denied.

Writ denied.

Turner, Williams, Hart and Zimmerman, JJ., concur.
Weygandt, C. J., concurs in the judgment.
Matthias, J., not participating.